†BENJ. M. WILLENGER v. BRAMSCHE & KRENNING.

1. ACTION OF JUSTICE REFUSING TO DISCHARGE MAY BE SET ASIDE, WHERE BILL SHOWS NO EVIDENCE TO SUSTAIN RULING.

A reviewing court on a petition in error to the action of a justice of the peace refusing to discharge an attachment, can not properly consider the question whether such refusal was against the weight of evidence as shown by a bill of exceptions, but it may examine the same, and if there is no evidence tending to sustain such ruling, it may be reversed for this reason. But where the material statements of the plaintiff in support of the attachment are clearly and explicitly denied by the defendant, and there is no other evidence on these points, and nothing appears to show that the evidence of the plaintiff is entitled to greater weight than that of the defendant, the attachment should be discharged, as the burden is on the plaintiff to sustain the attachment by a preponderance of the evidence, and in such case he fails to do so. Smith v. Wagner, 46 Ohio St., 52.

2. TRANSCRIPT MUST SHOW THAT BILL OF EXCEPTIONS WAS TAKEN AT THE TIME.

If the decision of the justice overruling the motion to discharge the attachment was not excepted to at the time, as shown by the transcript, a statement in the bill of exceptions, subsequently allowed, that such exception was taken at the time, is not sufficient.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

B. & K. commenced an action against W. before a justice of the peace to recover an amount claimed to be due, and at the same time filed an affidavit for an attachment, on the ground that the defendant had property and rights of action which he concealed, and was about to dispose of his property, or a part thereof, with intent to defraud his creditors. A writ of attachment was issued and levied on certain property.

Thereupon the defendant filed a motion to discharge the attachment, and an affidavit in support thereof, both alleging that the charges made in the affidavit as to concealing or disposing of property were wholly untrue. On a hearing by the justice of the motion to discharge the attachment, one of the plaintiffs (who had filed the affidavit) and another person were examined as witnesses for the plaintiffs, and the defendant was examined on his own behalf. The motion to discharge the attachment was overruled by the court, but no exception to this ruling appears to have been entered. After the trial of the case on the same day the justice of the peace fixed the time for the settlement of a bill of exceptions, and on the day named the bill was duly filed, which contained all of the evidence heard on the motion to discharge the attachment, and which further recited that the defendant had excepted to the action of the court in overruling the motion.

In a proceeding to reverse this order of the justice overruling the motion, it was affirmed by the court of common pleas, and it is now sought in this proceeding to reverse such judgment of the common pleas.

It is settled by the decision in the case of Seville v. Wagner, 46 O. S., 52, that in a proceeding in error like this from a justice's court, where the question presented by the bill of exceptions is , whether the ruling of the officer was supported by or was against the weight of the evidence, that the reviewing court could not go into that question—but that the question whether there was any evidence tending to sustain it, was a question of law, which might thus be raised. In that case, as in this, the statements of the affidavit for the attachment were

---

†Cited in Bradley v. Walker, 7 Ohio Circ. Dec., 565, 566.

explicitly denied by the affidavit of the defendant filed in support of the motion to dismiss, and in both the burden was on the plaintiff to sustain his attachment by proper evidence—and in that case the court held that there was no such preponderance of the evidence on the part of the plaintiff, and reversed the judgment.

We think there was nothing in the testimony introduced by the plaintiff, or anything in the evidence of the defendant himself which tended to show that at the time of the filing of the affidavit for the attachment, which is the time in question, that the defendant had property or rights in action which he concealed, or that he was about to dispose of his property, or a part thereof, with intent to defraud his creditors.

If, therefore, this record was in proper shape, we would feel constrained to reverse the judgment. But we are of the opinion that we cannot properly do so, for the reason that according to the transcript of the justice, no exception seems to have been taken to the decision of the justice, refusing to discharge the attachment, at the time it was made.

Section 5298, Rev. Stat., requires that a party objecting to a decision must except at the time the decision is made, and provides that time may be given to reduce the exception to writing. This, under sec. 6705, Rev. Stat., is applicable to proceedings before justices of the peace, unless special provision is made in the justice's code on the subject, which does not appear to have been done.

It was necessary that the decision of the court upon the motion to discharge the attachment should appear upon the docket, and the exception should follow the entry. Sec. 5300. As to the rulings on the question of the admissibility of evidence, exceptions to the charges given or refused by the court, and like questions, such rulings do not go upon the journal, or docket, and to be availed of, must be brought into the record by a bill of exceptions, which would also contain the exceptions taken at the time to the ruling complained of. "The office of a bill of exceptions is to bring upon the record what otherwise could not properly appear there, and it cannot take the place of the journal entry." Geller v. Puchta, 1 Ohio Circ. Dec., 18, and cases cited. As a bill of exceptions can avail only when the error alleged by it was excepted to at the time the court ruled upon the question, a statement in the bill of exceptions, afterwards taken, that exceptions were reserved at the time, is not sufficient.

We think, therefore, that the judgment must be affirmed.

Maxwell & Creed, for plaintiff in error.

A. L. Herrlinger, for defendant in error.

NOTE.—For a continuation of Volume 7, Circuit Court Reports, see page 562, Volume 4, Ohio Circuit Decisions.